# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# WATERLOO DIVISION

| | |
|---|---|
| Yolanda Mabutho,<br><br>    Plaintiff,<br><br>v.<br><br>The CBE Group, Inc.<br><br>    Defendant. | Case No. 14cv2047-EJM<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Yolanda Mabutho, ("Yolanda"), is a consumer from Aberdeen, Mississippi.

2. Defendant, The CBE Group, Inc., ("CBE"), is an Iowa Corporation that maintains its principal place of business in Cedar Falls, Iowa.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this District.

## STATEMENT OF FACTS

5. At all times relevant to this action, CBE collected consumer debts.

6. CBE regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of CBE's revenue is debt collection.

8. CBE is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. CBE collects consumer debts that are incurred for personal and household reasons such as student loans, medical debt, and credit card debt.

10. As described, *infra*, CBE contacted Yolanda to collect a debt

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5) because CBE collects consumer debts.

12. Around January 2014, CBE contacted Yolanda on Yolanda's cellular phone in connection with the collection of the debt.

13. Plaintiff informed CBE that it had the wrong number and demanded that CBE stop calling her.

14. Despite this notice and request, CBE contacted Yolanda on Yolanda's cellular phone in connection with the collection of the debt on numerous occasions, most recently around May 2014.

15. Yolanda repeatedly notified CBE that Yolanda was not the person CBE attempted to contact.

16. Yolanda repeatedly requested CBE cease further calls to Yolanda.

17. Yolanda is not the only victim of CBE "wrong-party" telephone harassment.

18. One consumer complained on the Internet that:

> **wrong number**
> "I have attempted numerous times to contact you at several different phone numbers with no results. So I am trying to reach you here.
> I have been recieving calls for months now from your company. The recorded message I get every day informs me whom the call is for and that if I am not that person I should hang up due to the personal nature of the call. I am NOT that person nor do I know that person. I had never even heard of that person until you began calling me. So I hang up. But ya just keep calling back.
> I understand that phone numbers change or get mixed up. I also understand that someone employed you to collect a debt from this person and your operators are doing their job. But I am not the one you are looking for and I have enough bills of my own to pay. I am not about to pick up the tab for some stranger.

So please, please, please just give me a phone number, an e-mail address, some kind of contact information so that I can correct this error and save you the trouble of continually calling the wrong person. Believe me, if I had any idea who this guy was I'd deliver him to you with a bow on his head. Just so I would never have to hear his name again." See http://cbe-group-inc-reviews.measuredup.com/support-ticket/wrong-number-17928

19. Another infuriated consumer wrote on that same website;

    "**HOW TO ANNOY AMERICA - You people annoy me!!**
    STOP CALLING MY HOUSE OOKING OR SOMEONE WHO DOESN'T LIVE HERE AND NO LONER HAS THAT PHONE NUMBER." See http://cbe-group-inc-reviews.measuredup.com/Complaint-HOW-TO-ANNOY-AMERICA-65187

20. A concerned parent wrote;

    "**Harassing Phone Calls - CBE Group**
    My 16 year old daughter has been receiving at least three calls a day on her cell phone. She has never had any bills, so there is no reason for them to be calling her. She complained to me and I tried answering, just to get a recording and no one to talk to, so how can I get them to stop harassing her? I'm about at the point of having her number changed, although I really would prefer not to." See http://cbe-group-inc-reviews.measuredup.com/Complaint-Harassing-Phone-Calls-59625

21. A disabled person wrote;

    "**Collections??????????**
    This CBE Group calls constantly, I am fully disabled and it is very painful to me to dilly and dally with these people on the phone. Constant phone calls for someone else who had this phone number previously is a job? Why don't these people get a real job drilling for oil and gas, mining, forging steel, cutting and hauling timber or something more productive than calling and bothering people who are lying around disabled? I might be disabled physically but you young people who do such a job? , are very very sick." See http://cbe-group-inc-reviews.measuredup.com/Complaint-Collections-48733

22. One consumer commented on the nature of public complaints about CBE and made his own

    stating;

    "**Harassment.**
    As I am beginning to notice while reading through the pages and pages of reviews on this company, each one more horrible than the next, I am not sure how they have not been shut down.
    I had a very similar experience to these other people, I was being called 3 or more times a day, sometimes as many as ten for the past week. They never left a message, so I never answered it. Anyone worth anything leaves a message if they really needed to call.

However, I called the number back to find out what it was, assuming I would get some automated system, which was the case. Got through pretty quick to a representative, and they were looking for someone who is not me, that I do not know. This is ridiculous.
This company should be blacklisted for harassment, I feel bad for the guy who they are actually looking for. Hopefully they do as asked and remove my phone number, or I will be calling again, and will not be as nice the next time."

23. Yet another consumer on another website stated back in 2008 that, "I have told them..... Over and Over again and again they have the wrong number. They are looking for a James and my name is Kim.....Claerly Not me but they still keep calling."

    http://800notes.com/Phone.aspx/1-319-274-1904/4

*24.* CBE has also faced lawsuits from consumers who were harassed by wrong party calls from CBE group. See *Serure V. The CBE Group, Inc.,* 1:14cv2706 (E.D. N.Y.); and *Loza V. CBE Group Inc., et al,* 5:13cv2060 (C.D. Cal.); *Iniguez v. Cbe Group, Inc.,* 2:13cv843, (E.D. Cal.).

25. CBE's practice of calling wrong parties in its attempts to collect debts is so common that CBE has a phone number designated for complaints about calls to wrong parties.

26. A former employee of CBE wrote on the Internet;

    "So if they're calling you and it's a wrong number, call them at 888-887-5430 and tell them the number they are calling and that you don't know who the person is."

    http://800notes.com/Phone.aspx/1-515-453-2975

27. Evidence proves that CBE Group's practice of using its automated telephone dialing system and pre-recorded and artificial voices to call wrong-parties is an endemic problem in the United States.

28. One of the sponsors on the TCPA, Senator Fritz Hollings from South Carolina stated, "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us

until we want to rip the telephone right out of the wall…. These calls are a nuisance and an invasion of our privacy." (Congressional Record – Senate Proceedings and Debates of the 102nd Congress, First Session. July 11, 1991, 137 Cong. Rec. S9840, S9874.)

29. CBE Group's use of computerized calls creates the injuries that the TCPA was designed to remedy.

## CLASS ALLEGATIONS

30. CBE has a pattern and practice of regularly calling phone numbers assigned to cellular service using an ATDS or "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers" and/or a pre-recorded and artificial voice to collect consumer debts.

31. Numerous consumers have complained about ATDS phone calls from CBE.

32. Plaintiff seeks to represent a class of parties who were called by CBE on their cell phones numbers using an ATDS or artificial or recorded voice ("TCPA Class").

33. Plaintiff seeks to represent a class of parties who were called by CBE on cell phones. ("FDCPA Class").

34. The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Circumstantial evidence based upon Internet consumer complaints and lawsuits indicate the class is larger than 40 people.

35. Commonality requires there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Specifically, class members' claims should "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Walmart Stores Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (U.S.

2011). This requirement is met here. All of the class members' claims hinge on the common factual and legal contention that Defendant made an illegal call to cellular phone numbers using an ATDS in violation of the TCPA. See 47 USCS § 227(b)(1)(A)(iii).

36. The class plaintiff is typical for purposes of Rule 23(a)(3) because her claims arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory. Plaintiff asserts that both she and class members received ATDS or artificial or pre-recorded voice phone calls from CBE. The claims of all class members, named plaintiff included, arise from the same practice and course of conduct, and thus the typicality requirement of Rule 23(a)(3) is satisfied.

37. Plaintiff is an adequate class representative. Her interests in recovering statutory damages and injunctive relief are sufficiently aligned with the absentee class members and she has retained Counsel with both consumer litigation and class action experience.

38. A Class Action is the superior method of adjudication of a TCPA case. As one Court has noted, "If each proposed class member pressed his claim, a single class action would clearly be superior to thousands of individual actions. . . . If the proposed class members would otherwise abandon their claim [because, for instance, a $500 recovery is not sufficiently large to justify bringing suit, even in small claims court], then a class action is superior because it provides actual adjudication." *Sparkle Hill, Inc. v. Interstate Mat Corp.*, 2012 U.S. Dist. LEXIS 178793, *4 (D. Mass. 2012). Likewise, Class Action is the superior method of adjudication of an FDCPA case because the FDCPA specifically authorizes class actions. 15 U.S.C. 1692k. A Class Action is also superior because class members may not be aware or their rights and that they have claims for relief. See *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998).

39. The precise Class Definition will be named in Plaintiff's final Class Certification Motion.

## COUNT ONE
## Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to oppress and therefore harass and annoy Plaintiff and class members because Plaintiff and class members because they have no meaningful choice in Defendant's decision to call their cell phones and no ability to stop Defendant from making the calls to their cell phones.

42. Defendant is on notice from prior lawsuits and consumer complaints that consumers are annoyed and harassed by wrong party calls to consumers.

43. Harassment is the act of systematic and/or continued unwanted and annoying actions of one party against another.

44. Defendant uses a systematic method of calling consumer on their cell phones using computer technology that results in multiple unwanted phone calls to cell phones.

45. Scrubbing technology could eliminate the systemic problem of wrong party calls to consumers on cell phones.

46. For example, a tech company, Neustar advertises its ability to identify non-consenting cellular numbers and subscribers in real time to help mitigate TCPA non-compliance risk. Specifically, Neustar can "clean" a company's telephone database by identifying telephone number ownership and porting history (e.g. numbers switched from one cellular carrier to another) in real time and, then, comparing those results to the company's list of consenting subscribers to identify mismatches. According to Becky Burr (Neustar Deputy General Counsel and Chief Privacy Officer and former FTC Attorney-Advisor), Neustar's TCPA

compliance services "use continuously updated and highly accurate phone data that gets updated multiple times per minute to tell you instantly . . . whether the subscriber name that you have matches." Such services are important because, as Burr notes, "if they gave you consent to call a number that they instantly change, you don't have consent to call the current subscriber to that number."

47. Defendant's act of calling cell phones without express consent using computer technology results in an abuse of technological power that disturbs the privacy of Plaintiff and class members and has the natural consequence of which is harassment and annoyance.

48. The U.S. Supreme Court has recognized that, "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life'". See *Riley v. California*, 189 L. Ed. 2d 430, 452 (U.S. 2014).

49. "[J]ust because a debt collector is permitted to continue to attempt to collect the debt does not entitle the collector to use any means, even if those means are the most economical or efficient. . . . *Foti v. NCO Fin. Sys.,* 424 F. Supp. 2d 643, 659 (S.D.N.Y. 2006).

50. "[Courts have] no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient. . . ." *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719, *5 (S.D. N.Y. 2006).

51. Defendant violated the FDCPA by calling Plaintiff and class members using computerized calls to cell phones.

## COUNT TWO
### Violations of the Telephone Consumer Protection Act

52. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

53. Defendant on multiple and separate occasions called Plaintiff and class members on telephone numbers assigned to a cellular service for non-emergency purposes using an ATDS and pre-recorded and artificial voice.

54. Defendant made phone calls to Plaintiff and Class members in violation of the TCPA.

55. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii).

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs prays for the following relief:

a. An Order certifying this case as a class action and appointing Plaintiff and her Counsel as class representative and Class Counsel.

b. Judgment against Defendant for (1) any actual damage sustained by Plaintiff and (2) such additional statutory damages as the court may allow, but not exceeding $1,000 and (3) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. §1692k.

c. Judgment against Defendant for (1) statutory damages for each and every call Defendant made in violation of the TCPA and (2) an order enjoining Defendant from making calls to Plaintiffs and class members pursuant to 47 U.S.C. § 227(b)(3).

RESPECTFULLY SUBMITTED,
Hyslip & Taylor, LLC LPA

By:＿＿/s/ J.D. Haas＿＿＿＿＿＿＿＿＿＿
One of Plaintiff's Attorneys

*Of Counsel*
J.D. Haas, Esq.
10564 France Avenue South
Bloomington, MN  55431
952-345-1025
jdhaas@jdhaas.com